**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS E. RUUD,

    Plaintiff,

v.                                                             Case No. 10-12204
                                                             Honorable Lawrence P. Zatkoff

CORRECTIONAL MEDICAL SERVICES et al.,

    Defendant.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before the Court is Plaintiff Thomas E. Rudd's *pro se* civil-rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is a Michigan prisoner who was paroled on June 2, 2009, and was discharged on June 2, 2010, and is currently living in Grand Rapids, Michigan. In his complaint, Plaintiff raises a denial of medical care claim. The named defendants are Correctional Medical Services and Dr. Onuigbo, both located in St. Louis, Missouri; and the Michigan Department of Corrections, George J. Pramstaller, D.O., and a Hearing Officer identified only as Ms. Skoog, who all reside in Lansing, Michigan.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district

where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. Plaintiff resides in Kent County, and the Michigan defendants reside in Ingham County for purposes of the present complaint. Kent County and Ingham County both lie in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. 28 U.S.C. §§ 1391(b) and 1404(a).

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 6, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 6, 2010.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290